IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ben Robert Stewart, #223006, | C/A No. 1:26-cv-1352-JFA-SVH |
| Petitioner, | |
| v. | |
| Warden of Tyger River Correctional Institution, | **ORDER** |
| Respondent. | |

## I.    INTRODUCTION

Petitioner Ben Robert Stewart, ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing this petition, the Magistrate Judge assigned to this action prepared a Report and Recommendation ("Report"), which opines that the petition is a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed without receiving permission to do so from the appropriate court of appeals, and accordingly determines this Court lacks jurisdiction to consider it. (ECF No. 5).  The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a full recitation. *Id.*

Petitioner filed objections to the Report, (ECF No. 16). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 5). As noted in the Report, a detailed recitation of the procedural history regarding the substance of Petitioner's challenges to his convictions may be found in this Court's prior orders in *Stewart v. Warden of Tyger River Correctional Institution,* C/A No, 1:25-2909-JFA ("*Stewart I*").

The Report found that although the petition is styled as a § 2241 petition, the grounds for relief all attack the underlying convictions that have been the subject of Petitioner's prior petition. (ECF No. 1). Further, the relief sought is Petitioner's immediate and unconditional release from custody. *Id.* Consistent with this analysis, the Report recommends the petition be considered an improper successive § 2254 petition which must

be dismissed as the Court lacks jurisdiction to consider it absent Petitioner attaining Pre-Filing Authorization form the Fourth Circuit under 28 U.S.C. § 2244(b)(4).

Petitioner filed objections to the Report. (ECF No. 16). The Undersigned identifies four specific objections in Petitioner's filing. *Id.* Each objection is addressed herein.

Objection 1

Petitioner takes issue with the dismissal of former respondents State of South Carolina and the South Carolina Department of Corrections ("SCDC"), and the addition of Warden of Tyger River Correctional Institution as the sole respondent. *Id.* at 1. Petitioner argues that this prevents him from bringing this "application against those responsible for his unlawful detention." *Id.*

As explained in the Report, a prisoner's custodian is the proper respondent in a habeas corpus action. Accordingly, the Magistrate Judge assigned to this action dismissed the improperly identified respondents and assigned Petitioner's custodian as Respondent to ensure Petitioner's habeas petition complied with this requirement. This action was not in error but rather is consistent with the requirements surrounding habeas corpus petitions.

Accordingly, Petitioner's first objection is overruled.

Objections 2 and 4

Petitioner's second objection takes issue with the Magistrate Judge "choosing § 2254 standards and Rules rather than § 2241." (ECF No. 16, p. 2). Petitioner's fourth

objection rejects the Report's conclusion that the Court lacks jurisdiction over this petition. *Id.* at 3.

Petitioner filed this petition pursuant to § 2241, asking that his conviction and sentence be vacated and that he be released from custody. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 without first receiving permission to do so from the appropriate court of appeals. *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997). For a subsequent petition to be considered second or successive, the petitioner must challenge the same conviction he challenged in the prior petition, and the prior petition must have been adjudicated on the merits. *Griffin v. Padula,* 518 F. Supp. 2d 680, 687 (D.S.C. 2007). The Supreme Court of the United States has held that § 2244's requirements that a petitioner receive an authorization from the Court of Appeals applies to "second-in-time-habeas filings even if the filing is not styled as a § 2254 habeas application by the filer—so long as the document is a § 2254 petition in substance." *Rivers v. Guerro,* 605 U.S. 443, 450–51 (2025).

Here, although Petitioner labeled his petition as one pursuant to § 2241, the grounds for relief all attack the underlying convictions that were the subject of Petitioner's prior petition and seek immediate and unconditional release from custody. Further, Petitioner's prior petition addressed in *Stewart I* was adjudicated on the merits. Thus, Petitioner has filed a successive petition. Petitioner has not shown that he received authorization from the Fourth Circuit to file a successive habeas petition in the district court. Thus, the

Undersigned determines this is an improper successive habeas petition which the Court lacks jurisdiction to consider.

Accordingly, Petitioner's second and fourth objections are overruled.

Objection 3

Petitioner's third objection attempts to point to differences between the instant petition and the petition filed in *Stewart I.* (ECF No. 16, p. 3). Petitioner states that "nowhere in the cases that the R&R suggest that Petitioner's 4th and 14th Amendment seizure and deprivation of life liberty or freedom without due process of laws e.g. Petitioner was never served with an arrest warrant for any direct indictments that Respondent relies on to keep Petitioner in custody unlawfully." *Id.* (written as appears in original).

Petitioner's third objection is overruled. A comparison of this petition and the petition filed in *Stewart I* reveals that Petitioner is challenging the same convictions he challenged in *Stewart I* and seeks the same relief.

## IV.    CONCLUSION

After carefully reviewing the appliable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 5). Accordingly, because the Court lacks jurisdiction to consider Petitioner's

successive petition, this matter is dismissed without prejudice. Consequently, all pending motions are terminated as moot.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

June 23, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1]  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."